## *In re* WILLIAMS' ESTATE.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

APPEAL—FINDINGS OF SURROGATE—WEIGHT OF EVIDENCE.

A finding by the surrogate, on conflicting evidence, that the delivery of bonds by a testator, in his life-time, to a legatee, was in satisfaction of the legacy *pro tanto,* will not be disturbed on appeal, where there is evidence to sustain the finding.

Appeal from surrogate's court, Oneida county.

Appeal from settlement of the accounts of Irvin A. Williams and another as executors of the will of Abijah Williams, deceased. From so much of such decree as adjudged that five Utica & Black River Railroad bonds, for $1,000 each, and five railroad equipment bonds, for $1,000 each, should be charged to Jane M. B. Heath in the executors' account, as a part of a legacy of $25,000 given to her absolutely by the last will and testament of the testator, and that such bonds were delivered to her by the testator in his life-time, as and for an advancement to her upon and as a part of and satisfaction, to the extent of $10,000, on such legacy, and were properly charged to her in the executors' account as a part of such legacy, and from so much of said decree as settles the executors' accounts by charging her with said $10,000 said Jane M. B. Heath appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*W. W. Goodrich* and *W. A. Matteson,* for appellant. *William Kernan,* for respondents.

MARTIN, J. The testator by his will bequeathed to the appellant absolutely the sum of $25,000. Of this sum $10,000 was invested in a house in Brooklyn, N. Y., purchased for her by the testator, thus leaving the sum of $15,000 of such legacy to be paid otherwise. Afterwards, and during the life-time of the testator, he delivered to the appellant 10 bonds, of the value of $10,000. The only question litigated in the court below, or presented upon this appeal, was whether the delivery to the appellant of the $10,000 in bonds was in satisfaction of the legacy to the appellant *pro tanto,* or whether the bonds were an absolute gift; so that, notwithstanding their delivery, the appellant was still entitled to $15,000 of such legacy. The learned surrogate found "that the said bonds were delivered to the said Jane M. B. Heath by the testator in his life-time, on or about the 28th day of October, 1885, as and for an advance to her upon and as a part of and satisfaction, to the extent of $10,000, of the legacy of $25,000, given to her absolutely in and by the fifth clause of the said last will and testament of the said testator." We have carefully examined the evidence contained in the appeal-book, and, while there was some conflict therein, still we think it was sufficient to fairly justify this finding of the surrogate, and that it should be upheld. As conclusions of law, the surrogate held: (1) "That the said executors are entitled to charge and have properly charged in said executors' account to the said Jane M. B. Heath the said ten bonds, for $1,000 each, as a part of the legacy of $25,000, to the amount of $10,000, given to her absolutely in the fifth clause of the said last will and testament of the said deceased. (2) That the said executors' account, as filed and herein modified, be, and the same hereby is, in all things confirmed and allowed." To these conclusions of law the appellant excepted. We do not think the exception well taken. The bonds in question having been delivered to the appellant by the testator in his life-time in satisfaction of her legacy *pro tanto,* it follows that the court properly held that she should be charged with the amount thereof as a part payment of such legacy. As no other questions were raised by the appellant, it follows that the portion of the decree of the surrogate appealed from should be affirmed.

Decree affirmed, with costs.